# Exhibit 1

1/27/2025 3:08 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 96641722
By: Rhonda Momon
Filed: 1/27/2025 3:08 PM

For Official Governmental Use Only - Do Not Disseminate to the Public: 118624496 - Page 1 of 12

CAUSE NO. _____

| | | |
|---|---|---|
| **KEMARLEY BRAHAM** | § § § | IN THE DISTRICT COURT |
| **VS.** | § | \_\_\_\_ JUDICIAL DISTRICT |
| **HOUSTON POLICE DEPARTMENT CITY OF HOUSTON JOEY ELLIS JUANITA VELDEZ ANDREW ZIMZORES WILLIAM SMITH** | § § § | OF HARRIS COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION

NOW COMES Plaintiff Kemarley Braham, complaining of Defendants Houston Police Department, Joey Ellis, Juanita Veldez, Andrew Zimzores, and William Smith, for causes of action, would show the Court the following:

### I. DISCOVERY CONTROL PLAN

1. As provided in Rule 190, Texas Rules of Civil Procedure, Plaintiff intends to conduct discovery under Level 2.

### II. PARTIES

**Plaintiff**

2. Plaintiff, Kemarley Braham, is an individual of the age of majority, residing in Harris

1

County, Texas. The last three digits of Plaintiff's driver's license number are 581. The last three digits of Plaintiff's Social Security number are 8214.

### Defendants

3. Defendant, Houston Police Department is a government entity in the State of Texas, Harris County. It can be served with process by City Secretary Pat J. Daniel at the Office of the City Secretary, 900 Bagby Street Room P101, Houston, TX 77002.

4. This Court has jurisdiction over the Houston Police Department because said Defendant is an entity in the State of Texas, Harris County. **Citation for service of process is requested at this time.**

5. Defendant, the City of Houston is a government entity in the State of Texas, Harris County. It can be served with process by City Secretary Pat J. Daniel at the Office of the City Secretary, 900 Bagby Street Room P101, Houston, TX 77002.

6. This Court has jurisdiction over the City of Houston because said Defendant is an entity in the State of Texas, Harris County. **Citation for service of process is requested at this time.**

7. Defendant, Joey Ellis, is an urban park ranger and government employee in the State of Texas, Harris County. He can be served with process by 444 East Medical Center Blvd #106, Webster, TX 77598.

8. This Court has jurisdiction over Joey Ellis because said Defendant is domiciled in the State of Texas, Harris County. **Citation for service of process is requested at this time.**

2

9. Defendant, Juanita Veldez, is a park ranger and government employee in the State of Texas, Harris County. She can be served with process by 2999 S. Wayside Drive, Houston, TX 77023.

10. This Court has jurisdiction over Juanita Veldez, because said Defendant is domiciled in the State of Texas, Harris County. **Citation for service of process is requested at this time.**

11. Defendant, Andrew Zimzores, is an officer of the Houston Police Department in the State of Texas, Harris County. He can be served with process by 8301 Ley Road, Houston, TX 77028.

12. This Court has jurisdiction over Andrew Zimzores, because said Defendant is domiciled in the State of Texas, Harris County. **Citation for service of process is requested at this time.**

13. Defendant, William Smith, is a sergeant of the Houston Police Department in the State of Texas, Harris County. He can be served with process by 8301 Ley Road, Houston, TX, 77028.

14. This Court has jurisdiction over William Smith, because said Defendant is domiciled in the State of Texas, Harris County. **Citation for service of process is requested at this time.**

### III.  JURISDICTION AND VENUE

15. This Court has jurisdiction over the Houston Police Department, because said Defendant is an entity of Texas.

16. This Court has jurisdiction over Joey Ellis, because said Defendant is a domiciliary of Texas.

17. This Court has jurisdiction over Juanita Veldez, because said Defendant is a domiciliary of Texas.

3

18. This Court has jurisdiction over Andrew Zimzores, because said Defendant is a domiciliary of Texas.

19. This Court has jurisdiction over William Smith, because said Defendant is a domiciliary of Texas.

20. The damages sought in this suit are within the jurisdictional limits of the Court. Pursuant to Rule 47, Texas Rules of Civil Procedure, and TEX. GOV'T CODE § 24.007. Plaintiffs seek monetary relief over $250,000 but not more than $1,000,000.

21. Venue is proper in this county as the events giving rise to this cause of action occurred within Harris County. TEX. CIV. PRAC. & REM. CODE § 15.002(a)(1).

## IV. FACTS

22. On or about May 2023, at 9:00 am, Plaintiff Kemarley Braham and his family were spending quality time together at Charter Park when approached by Defendants Joey Ellis and Juanita Veldez, urban park rangers for the City of Houston.

23. At some point during this encounter, Urban Rangers Ellis and Veldez, treated KEMARLEY BRAHAM in a cruel and inhumane manner while encountering him at Charter Park. Defendant Ellis, currently facing felony charges for threatening and exhorting male park attendees in the Houston area, harassed Plaintiff and his family, demanding they vacate the park without explanation.

24. Defendants Ellis and Veldez, acting in the scope of their employment, verbally harassed and intimidated Plaintiff's family for approximately thirty minutes.

For Official Governmental Use Only - Do Not Disseminate to the Public: 118624496 - Page 4 of 12

4

25. When questioned about why it was necessary to leave vacate the park while being a law-abiding citizen, Defendant Ellis noxiously replied, "because I said so."

26. Defendant Ellis threatened to issue a ticket and called the Houston Police Department for further intimidate the Plaintiff. Defendants Andrew Zimzores and Sargeant William Smith arrived and informed Plaintiff that he had to vacate the park, as Defendants Ellis and Veldez requested he do so.

27. Defendants Zimzores and Smith informed Plaintiff that he would be arrested for criminal trespass if he did not leave.

28. Plaintiff complied peacefully, gathering his family and leaving the park. Plaintiff's family includes his wife and 7-year-old son.

29. Plaintiff overheard Defendant Smith make derogatory remarks, including, "Let me know if he comes back again acting a fool."

30. Defendants failed to provide legal justification for their actions and displayed a lack of familiarity with city ordinances governing recreational parks.

31. Plaintiff, also a police officer for the Houston Police Department, later reviewed body camera footage of the incident, revealing further misconduct, including Defendant Smith instructing the other Defendants to harass Plaintiff by pulling him over. This abuse of power could have potentially caused further emotional harm to Plaintiff and Plaintiff's family.

32. Defendants Ellis and Veldez ejected Plaintiff and his family from the park at 9:00 am and asserted that the park was closed. However, under Texas law, Houston parks do not close until 8:00 pm.

33.     Despite complying with the unlawful order, Plaintiff was issued a 90-day park ban, prohibiting him from visiting any Houston recreational park or participating in family dog breeding business activities held outside of city limits.

34.     As a result of the incident, Plaintiff was suspended without pay for ten days and released from his position with the Houston Police Department in January. While Plaintiff returned to work in February, Plaintiff's suspension and record have negatively impacted his career prospects and caused severe emotional and financial distress.

35.     Plaintiff has no history of insubordination or workplace misconduct.

36.     Unfounded suspension resulted in Plaintiff losing thousands in lost wages and negative marks on his employment record.

37.     Plaintiff suffered mental anguish, including anxiety, panic attacks, and fear of visiting local parks due to the racial profiling and harassment caused by Defendants.

## V. CAUSES OF ACTION

38.     Plaintiff's damages resulting from the above incident, form the basis of this lawsuit and were proximately caused by one or more of the following wrongful acts and/or omissions by the City of Houston and its agents/employees:

    a.  Negligent Hiring -- Failing to properly screen and investigate employees before hiring and allowing them to interact with local citizens.

    b.  Negligent Training -- Failure to provide proper training instructions for City of Houston employees to perform tasks necessary for the proper care of park visitors such as the Plaintiff. Further, failing to ensure proper conduct and adherence to legal and ethical standards.

39. The wrongful acts and/or omissions of Defendants and/or its employees/agents listed above singularly and collectively constitute negligence and Defendants proximately caused the incident forming the basis of this lawsuit and Plaintiffs' resulting damages.

## VI. RES IPSA LOQUITUR

40. The Plaintiff would show that the conditions and/or instrumentalities involved in the incident complained of herein were under the management and control of the Defendants and/or its agents, servants, and employees. Plaintiff would further show that the character of the event causing Plaintiff's injuries and damages would not ordinarily occur in the absence of negligence and, under these circumstances, the Defendant's negligence may be inferred under the Doctrine of Res Ipsa Loquitur, as that doctrine is understood by law.

## VII. RESPONDENT SUPERIOR

41. Defendant the City of Houston, is legally responsible to Plaintiff for acts and omissions of its employees, agents, servants and representatives acting in, the course and scope of their employment, actual authority, and/or apparent authority under the legal doctrines of respondent superior, agency and/or ostensible agency. As a result, thereof; the Defendant is vicariously liable for all negligence of its employees, agents, servants, and representatives of the City of Houston.

## VIII. GROSS NEGLIGENCE

42. Defendants were grossly negligent by breaching one or more of their legal duties set out above, and in doing so engaging in acts and/or omissions, each of which individually or collectively, constitutes gross negligence and which proximately caused Plaintiff's damages.

7

For Official Governmental Use Only - Do Not Disseminate to the Public: 118624496 - Page 7 of 12

43. Defendants were grossly negligent and acted with malice, as that term is understood under Texas law, and such conduct was a proximate cause of Plaintiffs' injuries and damages. Defendants' malice, as that term is understood under Texas law, and such conduct was a proximate cause of Plaintiffs' injuries and damages.

44. Defendants' malicious and grossly negligent conduct justifies the imposition of punitive and exemplary damages both as punishment to Defendants as a deterrent to others in law enforcement from engaging in similar wrongful conduct.

## IX. QUALIFIED IMUNITY

45. Qualified immunity shields government employees from personal liability unless they violate a "clearly established" constitutional or statutory right. This doctrine balances protecting officials performing their duties and holding them accountable for abuses of power.

46. Here, Defendants Ellis, Veldez, Zimzores, and Smith violated multiple of Plaintiff's constitutional rights, disqualifying them from qualified immunity.

**Equal Protection Clause Violation**

47. The Fourteenth Amendment guarantees all individuals equal protection under the law without discrimination.

48. Defendants Ellis and Veldez racially profiled Plaintiff and his family, using race to make unfounded assumptions about their behavior and likelihood of engaging in criminal activity. Such racial profiling led to the harassment and forced removal of Plaintiff and his family from Charter Park during normal hours, conduct not applied to other park visitors.

8

49. By singling out Plaintiff's family without any evidence of wrongdoing, Defendants violated the Equal Protection Clause. This adverse treatment based solely on race constitutes a "clearly established" constitutional violation, as affirmed in *Whren v. United States*, 517 U.S. 806 (1996), where racial profiling was deemed impermissible under the Constitution.

**Fourth Amendment Violation**

50. The Fourth Amendment guarantees individuals the right to be secure against unreasonable searches and seizures. Defendants violated this right through harassment, intimidation, and excessive use of authority:

51. **Lack of Reasonable Suspicion**: Defendants Ellis and Veldez lacked reasonable suspicion, defined as a specific, articulable belief based on facts that a crime is, has been, or will be committed. Plaintiff and his family were merely spending time together and playing with their dog—activities that provided no basis for suspicion.

52. **Excessive Use of Authority**: Defendants Ellis and Veldez escalated the situation by threatening to issue a ticket without justification and involving the Houston Police Department. Defendants Zimzores and Smith compounded this misconduct by demanding Plaintiff's compliance without explaining how he violated park rules. These actions culminated in Defendant Smith threatening Plaintiff with arrest for criminal trespassing in front of his children.

53. **Unlawful Command to Pull Over**: Defendant Smith's instruction to stop Plaintiff's vehicle as he drove home further violated the Fourth Amendment, traumatizing Plaintiff's child and exceeding any lawful authority.

**First Amendment Violation**

54. The retaliatory issuance of a 90-day park ban infringed upon Plaintiff's First Amendment rights.

55. The ban prevented Plaintiff and his family from assembling and gathering in a public space without legitimate justification.

56. Retaliatory actions by government officials in response to protected activities, such as exercising the right to assemble, constitute a violation of "clearly established" constitutional rights, as held in *Hartman v. Moore*, 547 U.S. 250 (2006).

**Lack of Qualified Immunity for the Houston Police Department and the City of Houston**

57. Qualified immunity does not apply to municipal entities such as the Houston Police Department or the City of Houston.

58. As agents acting under the direction of their employer, Defendants' unconstitutional actions expose these entities to liability under *Monell v. Department of Social Services*, 436 U.S. 658 (1978). The systemic nature of the abuse further supports municipal liability.

59. Defendants Ellis, Veldez, Zimzores, and Smith violated "clearly established" constitutional rights under the First, Fourth, and Fourteenth Amendments.

60. Their actions constitute harassment, racial profiling, excessive use of authority, and retaliation, all of which preclude qualified immunity.

61. Furthermore, the Houston Police Department and the City of Houston bear liability for the conduct of their agents.

62. Plaintiff is entitled to relief, including compensatory damages, to address the emotional, financial, and reputational injuries suffered.

10

For Official Governmental Use Only - Do Not Disseminate to the Public: 118624496 - Page 10 of 12

## ATTORNEY'S FEES AND COSTS

63.  Plaintiff requests judgment for reasonable attorney's fees and costs under Sections 37.009 and 38.001, Texas Civil Practice and Remedies Code.

## JURY DEMAND

64.  Plaintiff hereby requests a jury trial.

## DAMAGES

65.  Plaintiff requests appropriate compensatory and punitive damages as a result of his injuries.

## REQUIRED INITIAL DISCLOSURES

66.  As provided in Rule 194, Texas Rules of Civil Procedure, required Initial Disclosures of all items listed in Rule 194.2 must be made at or within 30 days after the filing of the first answer unless a different time is set by the parties' agreement or court order.

## PRAYER

67.  Plaintiff prays that citation be issued commanding Defendants to appear and answer herein and that Plaintiffs be awarded judgment against Defendants, jointly and severally, for actual damages, prejudgment interest, post-judgment interest, costs of Court and for all other relief to which the Plaintiff is entitled both in equity and at law.

For Official Governmental Use Only - Do Not Disseminate to the Public: 118624496 - Page 11 of 12

Respectfully submitted,

Infinity Law Group PLLC
7660 Woodway Drive
Suite 584
Houston, TX 77063

_____
Lena Hinton
Attorney for Michael Kemarley Braham
Bar no: 24132526
Office Phone: (832) 479-1832
Email: Lena@infinitylawgroup.net

### Certificate of Service

    I certify that a true copy of this document was served in accordance with Rule 21a of the Texas Rules of Civil Procedure on the following on January 27, 2025.

_____
Lena Hinton
Attorney for Michael Kemarley Braham

For Official Governmental Use Only - Do Not Disseminate to the Public: 118624496 - Page 12 of 12



I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   May 6, 2025

Certified Document Number:        118624496 Total Pages:  12

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**